IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SCOTT C. BAKER, | * | |
| Movant, | * | |
| v. | * | MC 123-020 |
| DEPARTMENT OF DEFENSE, | * | |
| Respondent. | * | |

**O R D E R**

Before the Court is Movant's motion to challenge Government's access to financial records pursuant to the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("RFPA"). (Doc. 1). For the following reasons, Movant's motion is **DENIED**.

Movant is a customer of JP Morgan Chase NA ("JP Morgan"), and his JP Morgan records are being requested via subpoena by Respondent. (Id. at 3.) On August 8, 2023, Respondent prepared a subpoena to the custodian of records at JP Morgan, which sought "evidence pertaining to any and all JP Morgan [] account(s), held solely or jointly by [Movant] . . . , who is suspected of violating one or more punitive Articles of the Uniform Code of Military Justice, for the period September 1, 2021 through the date of this subpoena." (Id.) On August 23, 2023, Movant filed his motion to challenge Respondent's access to his JP Morgan Chase account. (Id. at 1.) Movant asserts "[t]he financial records sought by the

Department of Defense are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice . . . because the time period of September 2021 to now is overly broad." (Id. at 2.)

On January 5, 2024, Respondent moved to file their response for in camera review by the Court. (Doc. 3.) Because the Court could not determine whether Respondent's request was overly broad without more information concerning the scope of its investigation, the Court found a response would be beneficial to determine the merit of Movant's motion. (Doc. 4, at 3-4.) Thus, the Court granted Respondent's motion to file their response for in camera review, and Respondent submitted their response on February 2, 2024. (Docs. 4, 7.)

The RFPA regulates the government's access to financial records of individuals. See 12 U.S.C. §§ 3401-3422. In accordance with 12 U.S.C. § 3401, a government authority may obtain an individual's bank records by administrative subpoena if "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." 12 U.S.C. §§ 3402(2), 3405(1); see also Thomas v. U.S. Dep't of Homeland Sec., 876 F. Supp. 2d 1, 6-8 (D.D.C. 2012). Section 3410 provides, in relevant part, that "a customer may file a motion to quash an administrative summons . . . or an application to enjoin a Government authority

2

from obtaining financial records pursuant to a formal written request." 12 U.S.C. § 3410(a).

12 U.S.C. § 1310 has been interpreted to provide three grounds on which an administrative subpoena can be quashed under the RFPA: "(1) the agency's inquiry [was] not a legitimate law enforcement inquiry; (2) the records requested [were] not relevant to the agency's inquiry; or (3) the agency [did] not substantially compl[y] with the RFPA." Love v. Dep't of Def., No. 4:22-mc-1, 2023 WL 3474330, at *4 (M.D. Ga. Apr. 6, 2023) (alterations in original) (quoting Stehn v. U.S. Dep't of Def., No. 7:12-mc-1, 2012 WL 3860562, at *2 (M.D. Ga. Sept. 5, 2012)), *report and recommendation adopted*, No. 4:22-MC-1, 2023 WL 3457868 (M.D. Ga. May 15, 2023). But the Court shall deny the motion if it finds "that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

Having reviewed Movant and Respondent's filings, the Court concludes the subpoenas are lawful and due to be enforced, and Movant's stated reason for why the records requested were not relevant — the time period requested was overbroad — is meritless. Movant makes no argument that Respondent's inquiry is not legitimate, and the Court concludes there is demonstrable reason to believe Movant's JP Morgan records are relevant to Respondent's inquiry. (See Doc. 1.)

3

IT IS THEREFORE ORDERED that Movant's motion (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to close this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA